**SO ORDERED.**

**SIGNED this 7 day of November, 2013.**

_____
Stephani W. Humrickhouse
United States Bankruptcy Judge

---

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

ROBERT CARROLL ORMISTON, SR.          CASE NO. 11–03706–8–SWH
AND NANCY GIDDINGS ORMISTON,          CHAPTER 13

    DEBTORS.

### ORDER ALLOWING MOTION TO MODIFY

Pending before the court is the motion of John F. Logan ("chapter 13 trustee") to modify the chapter 13 plan of Robert Carroll Ormiston, Sr. and Nancy Giddings Ormiston (collectively "debtors"), pursuant to § 1329(a) of the Bankruptcy Code, in order to account for an anticipated post–confirmation inheritance, to which the debtors have objected. A hearing on the matter was held in Raleigh, North Carolina, on September 5, 2013. On September 9, 2013, in accordance with the opportunity afforded to both parties by the court at the conclusion of the hearing, the chapter 13 trustee submitted supplemental material in support of his motion to modify. The matter is now ripe for disposition.

## BACKGROUND

The debtors filed a joint voluntary petition seeking relief under chapter 13 of the Bankruptcy Code on May 12, 2011. The chapter 13 trustee was appointed on May 16, 2011, to administer the case. The debtors have a combined average monthly income of $2,096, the sole source of which is the benefits they both receive from the Social Security Administration. The debtor's Schedule F, filed along with their voluntary petition, lists total unsecured nonpriority claims of $21,566.04.

The debtors' chapter 13 plan was confirmed by order entered on July 25, 2011. The plan, as confirmed, calls for payments of $100 per month for thirty months, resulting in aggregate plan payments of $3,000. In addition to the payment of the balance of the fees owed to their attorney, $2,700, the plan provided for the payment of 0.5% of the debtors' unsecured nonpriority claims.

On February 21, 2013, prior to the completion of their plan payments, the debtors notified the court that they were the intended recipients of a bequest under the last will and testament of Flavia Ormiston Ellis Witte (hereinafter, the "decedent"), of Spring House, Montgomery County, Pennsylvania. Ms. Witte died on January 11, 2013. Under the will, which was executed on October 18, 2007, and filed with the Montogemery County Register of Wills on January 22, 2013, the debtors are entitled to receive three percent of a portion of the decedent's residuary estate (hereinafter, the "inheritance").[1] The inheritance, according to the debtors, has an approximate value of between $25,000 and $40,000.

---

[1] The will divided the residuary estate into two portions. The first portion, comprised of 80% of the residuary estate, was devised to the decedent's relatives and friends living at the time of her death, including the debtors. The remaining 20% was devised to various religious organizations, charities, institutions and foundations in memory of the decedent and her family.

The chapter 13 trustee filed the motion to modify currently before the court on May 20, 2013, arguing that pursuant to § 541(a)(5) and § 1306(a)(1), any inheritance that is received by a chapter 13 debtor before the case is closed, dismissed, or converted to a case under another chapter should be included in the chapter 13 estate and used to pay allowed claims of unsecured creditors. In response, the debtors contend that when an inheritance is received more than 180 days after the commencement of the case, it does not become property of the bankruptcy estate, despite contrary precedent originating in this district. See In re Zeitchik, No. 09-05821-8-JRL, 2011 WL 5909279 (Bankr. E.D.N.C. Sept. 23, 2011) and In re Carroll, No. 09–01177, 2012 WL 5512356 (Bankr. E.D.N.C. Nov. 14, 2012) ("Carroll I"), aff'd Carroll v. Logan,— F.3d — , 2013 WL 5781211 (4th Cir. 2013) ("Carroll II").

As is discussed more fully below, appeal of the bankruptcy court's opinion in Carroll I was pending when the instant issue came before the court, and both sides agreed that the most prudent course of action was to hold the matter open pending decision from Court of Appeals for the Fourth Circuit. That court entered its decision on October 28, 2013, and Carroll II sheds significant – and controlling – light on part of the issue before the court. For the reasons that follow, the motion to modify will be allowed.

## DISCUSSION

Section 1329(a), which governs post–confirmation modification of a chapter 13 plan, provides that one of the bases upon which a plan may be modified prior to the completion of payments thereunder is to "increase or reduce the amount of payments on claims of a particular class provided for by the plan; [or to] extend or reduce the time for such payments." 11 U.S.C. § 1329(a). Modification, under § 1329(a), is permitted in two additional circumstances: "(1) to alter the amount

3

of the distribution to a creditor who has received a payment outside of the confirmed plan; and (2) to reduce the debtor's plan payments due to a debtor's need to purchase health insurance." Murphy v. O'Donnell (In re Murphy), 474 F.3d 143, 149 n.7 (4th Cir. 2007) (citing 11 U.S.C. §§ 1329(a)(3), (a)(4)). The proposed modification also must comply with §§ 1322(a) and (b), § 1323 (c), and § 1325(a).  11 U.S.C. § 1329(b)(1).

Specifically, "when . . . faced with a motion for modification pursuant to §§ 1329(a)(1) or (a)(2), the bankruptcy court must first determine if the debtor experienced a substantial and unanticipated change in his post–confirmation financial condition." Murphy, 474 F.3d at 150–51 (holding that excess proceeds remaining after the postpetition sale of a debtor's condominium, totaling $80,000, created an unanticipated and substantial change in his financial condition thereby warranting modification under § 1329(a)); see Arnold v. Weast (In re Arnold), 869 F.2d 240, 241–42 (4th Cir. 1989) (emphasizing that § 1329(a) prevents debtors from shielding themselves from the reach of creditors when they experience a substantial and unanticipated change in income).  Thus, if a debtor experienced both a substantial and unanticipated change in financial condition post–confirmation, and the proposed modification falls within one of the circumstances provided by § 1329(a), the court can then determine whether the plan, as modified, complies with § 1329(b)(1). Murphy, 474 F.3d at 150.

With that framework in mind, the court turns to the relationship between § 541 and § 1306, both of which define the scope of property of the estate in chapter 13 cases.  The interplay between these statutes provides the central issue in the present case.  The court notes as its starting point that the filing of a bankruptcy petition under any chapter of the Bankruptcy Code creates a bankruptcy estate, containing "all legal or equitable interests of the debtor in property as of the commencement

of the case." 11 U.S.C. § 541(a)(1). The scope of § 541 is construed broadly, to include "every conceivable interest of the debtor, future, nonpossessory, contingent, speculative and derivative." In re Yonikus, 996 F.2d 866, 869 (7th Cir. 1993) (citation omitted).

Additionally, in accordance with § 541(a)(5)(A), property of the estate includes:

> (5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—
>
> (A) by bequest, devise, or inheritance . . . .

11 U.S.C. § 541(a)(5)(A). This provision "applies to *interests* acquired postpetition where the measuring death occurs between the filing of the bankruptcy petition and the termination of the one hundred and eighty (180) day period." Chappel v. Proctor (In re Chappel), 189 B.R. 489, 494 (9th Cir. BAP 1995) (emphasis added).

Section 1306(a), which is applicable only to cases commenced under chapter 13 of the Bankruptcy Code, expands property of the estate to include, in addition to the items specified in § 541, the following:

> (1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first; and
>
> (2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first.

11 U.S.C. § 1306(a); see In re Maharaj, 681 F.3d 558, 364 (4th Cir. 2012) (indicating that § 1306(a) "adds certain property to a § 541 bankruptcy estate in the Chapter 13 context"). Section 1306(a), then, by its terms, "expands the definition of property of the estate to all property obtained by the

5

debtor through the end of his case." Murphy, 474 F.3d at 151; but see In re Wilkinson, 2013 WL 4507925 at *1 (Bankr. M.D. Ala. Aug. 23, 2013) (refusing to vacate the debtors' discharge in order to allow the chapter 13 trustee to administer additional funds that the debtors received from a postpetition inheritance). Post–confirmation, a chapter 13 bankruptcy estate "continues to be funded by the Debtors' regular income and post–petition assets as specified in section 1306(a)." In re Waldron, 536 F.3d 1239, 1243 (11th Cir. 2008) (internal quotation marks and citations omitted).

A majority of the courts addressing the relationship between the statutes, including several in this district, have held that an inheritance, bequest or devise that is received by a chapter 13 debtor after commencement of the case, but before it is closed, dismissed or converted to one under chapter 7 or 11, is property of the estate pursuant to § 541(a)(5) and § 1306(a)(1). See Carroll I, 2012 WL 5512356 at *1 (collecting cases); Zeitchik, 2011 WL 5909279 at *1; In re Mullican, 417 B.R. 389, 399–400 (Bankr. E.D. Tex. 2008) ("Most courts analyzing post–petition windfalls, such as an inheritance, have found them to be property of the Chapter 13 estate."). In contrast, courts adhering to the minority view, which is that an inheritance received outside the 180–day period following commencement of the case is *not* included as property of the estate, construe the phrase "of the kind specified in such section" in § 1306(a)(1) to incorporate the 180–day time frame established in § 541(a)(5)(A). See generally In re Key, 465 B.R. 709, 711 (Bankr. S.D. Ga. 2012) (finding that application of "the time limitation of § 541(a)(5) to chapter 13 cases does not render § 1306 superfluous."); In re Schlottman, 319 B.R. 23, 24–25 (Bankr. M.D. Fla. 2004). In Carroll II, the Court of Appeals aligned this circuit with the majority view.

In the Carroll cases, the chapter 13 trustee in the underlying bankruptcy case moved to modify the debtors' confirmed chapter 13 plan to account for an inheritance the male debtor

6

expected to receive from the estate of his late mother. Carroll I, 2012 WL 5512356 at *1. Adhering to its prior decision in Zeitchik[2] and the majority of courts addressing the issue, the bankruptcy court held that the post–confirmation inheritance the male debtor expected to acquire from his mother's estate was property of the estate pursuant to §§ 541(a)(5) and 1306(a)(1), and ordered the debtors, "[u]pon receipt, . . . to turnover the inheritance to the trustee for distribution in accordance with the chapter 13 plan." Carroll I, 2012 WL 5512356 at *1–2. The debtors appealed, and in light of the lack of a controlling decision within this circuit coupled with "the prevalence of individual bankruptcy filings and the frequent receipt of unexpected assets by chapter 13 debtors," the decision was certified for direct appeal to the Fourth Circuit.

The circuit court affirmed, holding that "[s]ection 1306(a) plainly extends the timeline for including 'the kind' of property 'specified in' Section 541 in Chapter 13 bankruptcy estates." Carroll II, 2013 WL 5781211 at *1. In addition to providing "a straightforward formula" for calculating property of the estate in the chapter 13 context, the Fourth Circuit opined:

> The statutes' plain language manifests Congress's intent to expand the estate for Chapter 13 purposes by capturing the types, or "kind," of property described in Section 541 (such as bequests, devises, and inheritances), but not the 180–day temporal restriction. This is because the kind of property is a distinct concept from the time at which the debtor's interest in the property was acquired. And on its face, Section 1306(a) incorporates only the kind of property described in Section 541 into its expanded temporal framework.

---

[2] The chapter 13 trustee in Zeitchik requested modification of the debtor's plan after he received a substantial inheritance from his mother upon her death. 2011 WL 5909279 at *1. The court in Zeitchik held that "in a chapter 13 case, any inheritance that is received before the case is closed, dismissed or converted is property of the estate." Id. The court, explaining the relationship between §§ 541 and 1306, found that § 1306 "extends the 180–day period in § 541 to include any time between the commencement of the chapter 13 case and the time the case is closed, dismissed or converted." Id. (citing KEITH M. LUNDIN, CHAPTER 13 BANKRUPTCY, 3D ED. § 47–2 (2000 & Supp. 2004)).

7

Id. at *2 (internal quotation marks, alterations and citations omitted). Accordingly, the court concluded that the "plain language" of § 1306(a) "blocks the Carrolls from depriving their creditors a part of their windfall acquired before their Chapter 13 case was closed, dismissed, or converted." Id. at *4. Thus, the inherited interest to which the male debtor became entitled prior to the bankruptcy case being closed, dismissed or converted, was correctly included as part of their bankruptcy estate pursuant to § 1306(a). Id. at *3–4.

The debtors nevertheless argue that the inheritance has not been distributed to them, and for that reason is not property of the estate, because the precise language of § 1306(a)(1) only expands the definition of property of the estate to include an inheritance, bequest or devise "that the debtor *acquires* after the commencement of the case but before the case is closed, dismissed, or converted . . ." 11 U.S.C. § 1306(a)(1) (emphasis added). This contention, although novel, assumes that Congress, by using the term "acquire" in § 1306(a)(1), as contradicted to the terms "acquire or becomes entitled to" (which are used in 541(a)(5)), intended to exclude the category of property interests listed in 541(a)(5)(A) that had not actually been "acquired" prior to the closing, dismissal, or conversion of the case.

The court cannot agree with the narrow interpretation the debtors espouse. Sections 541(a) and 1306(a), when read together, support the conclusion that the latter statute expands the time frame set forth in the former, incorporating into the bankruptcy estate any property interest specified in § 541(a)(5)(A), such as an inheritance, regardless of when that property was actually received, provided that it was received during the life of the case. Carroll II, 2013 WL 5781211 at *3–4; Watson, 2012 WL 2120530 at *3 (recognizing that the assets of the deceased's estate, "that are due to be paid . . . to [the debtor] Audrey June Watson, *now or in the future*, are assets of the Watson

8

Bankruptcy Case" (emphasis added)); In re Guentert, 206 B.R. 958, 962 (Bankr. W.D. Mo. 1997) ("While life insurance proceeds would become property of a Chapter 7 bankruptcy estate only if a *debtor became eligible to receive them* within 180 days of the commencement of the case, in Chapter 13, *those same benefits become property of the estate until the case is closed, dismissed, or converted.*" (emphasis added)).

The date of decedent's death, not the date the will is admitted to probate or distributions made, is the point at which a debtor acquires or becomes entitled to acquire an inheritance, devise or bequest for purposes of § 541(a)(5)(A) and § 1306(a)(1). Chenoweth, 3 F.3d 1111, 1113 (7th Cir. 1993) (holding that proceedings associated with the probate of a will affect a beneficiary's right to enjoy possession of an estate, but not the vesting thereof); see Segal v. Rochelle, 382 U.S. 375, 379 (1966) (recognizing that the term "property," for purposes of § 541, "has been construed most generously and an interest is not outside its reach because . . . enjoyment must be postponed"). Thus, a postpetition inheritance, such as the one in this case, becomes property of the estate under § 1306(a)(1) when a debtor becomes eligible to receive it by virtue of the death of the testator between the commencement of the case and before it is closed, dismissed or converted. Chappel, 189 B.R. at 494; In re Means, 16 B.R. 775, 767 (Bankr. W.D. Mo. 1982) (emphasizing that § 541(a)(5) "refers to an 'interest' in property, not 'title' to property"); see In re Firrone, 272 B.R. 213, 216 (Bankr. N.D. Ill. 2000) ("A debtor becomes entitled to acquire an inheritance upon the death of the testator." (citation omitted)).[3]

---

[3] The legal issue before the court requires construction of federal bankruptcy law, not state property law, but the debtors argue that state law – in particular, Pennsylvania law – also should apply. Even if it did, the court's conclusion would not be different: Under Pennsylvania law, legal title to a decedent's personal property vests in his personal representative, "who is charged with the fiduciary duty of paying debts, taxes, and the expenses of administration and distributing the

9

Moreover, the debtors' construction of § 1306(a)(1) would, if accepted, promote gamesmanship and encourage unscrupulous debtors to prolong, hijack or frustrate the probate process to prevent any inheritance, devise or bequest from becoming property of the estate in their chapter 13 case. In re Chenoweth, 3 F.3d at 1113; Caso v. Bentley (In re Bentley), 120 B.R. 712, 715 (Bankr. S.D.N.Y. 1990) (suggesting that "[a]ny rule other than the date of death would leave the application of [the] Bankruptcy Code . . . open to inconsistent application and subject to manipulation through deliberate delay in the commencement or prosecution of the probate process."). This result is not what Congress intended, nor is it supported by § 541 and § 1306. See Chappel, 189 B.R. at 493 ("The legislative history of the Bankruptcy Code reveals that the concept of property of the estate is to be interpreted broadly." (citing H.R. Rep. No. 95–595, at 367–69 (1977), reprinted in 1978 U.S.C.C.A.N. 5787, 5963, 6323–24)).

In accordance with Fourth Circuit's decision in Carroll, and with the majority of courts deciding the issue, the court finds that the debtors' inheritance is property of the estate, and should be included in the debtors' chapter 13 plan to pay unsecured creditors. Carroll II, 2013 WL 5781211 at *3. That inheritance, being the debtors' interest in the decedent's probate estate, became property of the estate on January 11, 2013, which was prior to their case being closed, dismissed or converted.

---

remainder of the estate to the persons entitled to receive it." Estate of Crawford v. C.I.R., 46 T.C. 262, 270 (1966) (stating that a legatee or distributee under the decedent's will "has no legal right to receive distribution of his interest until distribution is ordered by the Probate Court." (citing In re Glass' Estate, 175 A. 736 (Pa. Super. Ct. 1934))). Most importantly, however, "the beneficial interest of a legatee under a will in his testator's personalty vests in the legatee upon the testator's death, and this interest, even though unascertained in amount, may be attached by the legatee's creditors prior to distribution of the estate by the Probate Court." Id. at 270–71 (internal citations omitted). Thus, in accordance with Pennsylvania law, the beneficial interest of the debtors under the will vested upon the decedent's death; *i.e.*, January 11, 2013. Accordingly, this beneficial interest became property of the bankruptcy estate on that date by operation of § 1306(a)(1).

Additionally, modification of their confirmed plan is permitted under these circumstances because the debtors, by virtue of that inheritance, have experienced a post–confirmation change in their financial condition that is both substantial and unanticipated. See Murphy, 474 F.3d at 149 (emphasizing that a "change is unanticipated if the debtor's present financial condition could not have been reasonably anticipated at the time the plan was confirmed.").

There is no suggestion in this matter that the decedent's death was anything other than unanticipated, and the change in the debtors' financial condition is, in fact, quite substantial: The estimated value of the inheritance is between 800% and 1500% more than the total aggregate plan payments called for under the debtors' confirmed plan. See Arnold, 869 F.2d at 241 (holding that an $120,000 increase in a debtor's salary was a substantial and unanticipated change in his financial condition warranting modification). Where, as here, the debtors' "financial fortunes improve, the creditors should share some of the wealth." Carroll II, 2013 WL 5781211 at *3 (quoting Arnold, 869 F.2d at 243).

## CONCLUSION

Based on the foregoing, the motion to modify the debtors' chapter 13 plan is **ALLOWED.** The post-confirmation inheritance is property of the estate and, upon receipt, the debtors are hereby ordered to turn over that portion of the inheritance to the chapter 13 trustee necessary for distribution to unsecured nonpriority claims in accordance with their chapter 13 plan, as modified.

**SO ORDERED.**

### END OF DOCUMENT